IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBBIE LLANES AND RICHARD LLANES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:13-cv-2243-M-BN |
| | § | |
| U. S. BANK, NATIONAL ASSOCIATION, TRUSTEE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management, including a recommendation on Defendant's motion to dismiss, pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiffs Debbie and Richard Llanes purchased a house in Rockwall County, Texas, on August 24, 2006. *See* Dkt. No. 1-3. To finance the purchase, Plaintiffs executed an adjustable rate note to Resmae Mortgage Corporation. *See id.*; Dkt. No. 6-1. The note was secured by a deed of trust lien payable to Resmae Mortgage Corporation, the original lender. *See* Dkt. No. 1-3; Dkt. No. 6-2. The deed of trust subsequently was assigned by MERS to Defendant U.S. Bank, Trustee, on August 12, 2009. *See* Dkt. No. 6-3. Defendant foreclosed on the property on December 4, 2012. *See*

Dkt. No. 1-3 at 4.

On January 24, 2013, Plaintiffs sued Defendant in state court for breach of contract and violations of the Texas Debt Collection Practices Act ("TDCPA") and the Texas Deceptive Trade Practices Act ("TDTPA").[1] *See id.* at 2-10. Plaintiffs allege that they negotiated a modification of the loan agreement before the deed of trust was assigned to Defendant and that they were at all times in compliance with the terms of the modification agreement. Defendant refused to recognize the validity and effect of the modification agreement, however, and proceeded to foreclose on Plaintiffs' house. *See* Dkt. No. 1-3; *see also* Dkt. No. 10 [Plaintiffs' Response to Motion to Dismiss] at 1-2.

Defendant removed the case to this Court on June 14, 2013, *see* Dkt. No. 1, and filed its Fed. R. Civ. P. 12(b)(6) motion to dismiss on June 21, 2013, *see* Dkt. No. 5. The gravamen of the motion to dismiss is that Plaintiffs failed to plead any of their claims with sufficient factual specificity. Defendant also argues that Plaintiffs cannot state a claim under the TDTPA because they are not consumers. *See id.*

The undersigned now concludes that the motion to dismiss should be granted.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief

[1] Plaintiffs also asserted claims to quiet title and for trespass to title. *See* Dkt. No. 1-3 at 5, 8-9. Those claims were based on allegations that Defendant did not have authority to foreclose. *See id.* In their response to the motion to dismiss, Plaintiffs expressly abandon those claims. *See* Dkt. No. 10 at 3.

may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are

considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

**Analysis**

I. Plaintiffs' breach of contract claim should be dismissed.

Plaintiffs allege that Defendant "breached the contract" by charging sums of money to which it was not entitled. They further allege that either Defendant or its

predecessor-in-interest agreed to a modification of the payment schedule, that Plaintiffs complied with the modified payment schedule, but that either Defendant or its predecessor-in-interest subsequently unilaterally rescinded the modification agreement, which caused Plaintiffs to suffer damages. *See* Dkt. No. 1-3 at 6.

The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Defendant argues that Plaintiffs fail to plead with sufficient factual specificity to state a breach of contract claim. *See* Dkt. No. 5 at 7, Dkt. No. 13 at 2.

Plaintiffs do not identify which contract Defendant allegedly breached by charging sums of money to which it was not entitled, nor do they explain the factual basis for this allegation. Furthermore, the alleged modification agreement is not in the record, and Plaintiffs do not provide any factual details concerning the terms of the modification agreement. They make inconsistent allegations about the parties to the agreement, alleging both that the alleged modification agreement was entered before the deed of trust was assigned to Defendant and, later, that it was between either Defendant or its predecessor-in-interest. Plaintiffs provide no other information concerning the modification agreement's terms except to state that Plaintiffs were in compliance with the modified payment schedule. *See* Dkt. No. 1-3 at 5-6.

The undersigned concludes that Plaintiffs failed to state a breach of contract claim. *See Twombly*, 550 U.S. at 570. However, the undersigned recommends that the

breach of contract claim should be dismissed without prejudice. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (internal quotation marks and citation omitted)). Because Plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the undersigned has identified, Plaintiffs should have the opportunity to file an amended complaint as to this claim.

II. Plaintiffs' Texas Debt Collection Practices Act claims should be dismissed.

Plaintiffs allege that Defendant violated the TDCPA by attempting to collect a debt not justly due and owing and by falsely reporting that Plaintiffs have intentionally failed and refused to pay uncontested debts, in violation of Texas Finance Code § 392.301; threatening to take action not authorized by law, in violation of Texas Finance Code § 392.301(a)(8); and charging or attempting to charge Plaintiffs sums of money not authorized, in violation of Texas Finance Code § 392.303. *See* Dkt. No. 1-3 at 7-8; TEX. FIN. CODE §§ 392.301, 392.303. Plaintiffs do not provide any specific factual allegations to support the TDCPA claims, and it appears that the TDCPA claims are based on general allegations that Defendant claimed there were defaults under the deed of trust and threatened foreclosure even though Plaintiffs were not in default because they made all payments due under the modification agreement. *See* Dkt. No. 1-3; Dkt. No. 10 at 4. Defendant argues that not only do Plaintiffs' TDCPA claims lack

sufficient factual specificity to state a claim but also that Plaintiffs have not and cannot plead any set of facts showing Defendant used a deceptive means to collect a debt or threatened to take an action prohibited by law because Defendant simply exercised its contractual rights to non-judicial foreclosure under the deed of trust. *See* Dkt. No. 10.

Section 392.301(a)(8) prohibits a debt collector from using "threats, coercion, or attempts to coerce" that involve "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). Under Section 392.301(b), a debt collector is not prevented from "threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Id.* § 392.301(b)(3). Plaintiffs provide no factual allegations that Defendant threatened to take any action prohibited by law. In their Response, Plaintiffs argue that threatening a foreclosure when the underlying note is not in default is prohibited by the statute, *see* Dkt. No. 10 at 4; however, "'foreclosure is not an action prohibited by law,'" *see Stevens v. Wells Fargo Bank, N.A.*, No. 4:12-cv-594-A, 2012 WL 5951087, at *4 (N.D. Tex. Nov. 27, 2012) (quoting *Watson v. CitiMortgage, Inc.*, No. 4:10-cv-707, 2012 WL 381205, at *8 (E.D. Tex. Feb. 3, 2012). Plaintiffs provide no factual allegations to support their claims that Defendants used threats or coercion in any manner prohibited by Section 392.301 to collect a debt not justly due and owing and by falsely reporting that Plaintiffs have intentionally failed and refused to pay uncontested debts. Without more, these bare legal conclusions and statutory citation are not enough to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Section 392.303 prohibits a debt collector from using "unfair or unconscionable means," and it lists the prohibited practices. *See* TEX. FIN. CODE § 392.303. In their Original Petition, Plaintiffs simply state the legal conclusions that Defendant "attempted to collect a debt not justly due and owing, and has reported that Plaintiffs have intentionally failed and refused to pay uncontested debts, which is false," and cite Section 392.303. Dkt. No. 1-3 at 7. In their Response, Plaintiffs narrow down their allegations and quote Section 392.303(a)(2), which prohibits a debt collector from using "unfair and unconscionable means to collect interest, charges, fees or expenses incidental to the original obligation." Dkt. No. 10 at 4. Plaintiffs provide no factual allegations to support or explain their allegation that Defendant attempted to collect a debt to which it was not entitled, much less how it did so in a manner prohibited by Section 392.303. Also in their Response, Plaintiffs "suggest" that discovery will reveal that, in addition to charging sums of money to which it was not due, Defendant also charged for late fees and other charges to which it was not justly entitled. *See id.*

The undersigned concludes that Plaintiffs failed to state a claim for violation of the TDCPA and recommends that Plaintiffs' claim be dismissed without prejudice. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d at 567-68.

III. <u>Plaintiffs' Texas Deceptive Trade Practices Act claim should be dismissed.</u>

Plaintiffs allege a TDTPA claim on the basis that a violation of the TDCPA is a deceptive practice under the TDTPA. *See* TEX. FIN. CODE ANN. § 392.404(a). As discussed above, Plaintiffs have failed to state a cause of action for a violation of the TDCPA. Furthermore, Plaintiffs provide no factual allegations to support their TDTPA

claim, and their bare legal conclusion and statutory citation are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Defendant argues that Plaintiffs fail to state a claim under the TDTPA because they are not "consumers" as defined by the TDTPA. The elements of a cause of action under the TDTPA are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)). To qualify as a consumer, "a person must have sought or acquired goods or services by purchase or lease," and "the goods and services purchased or leased must form the basis of the complaint." TEX. BUS. & COM. CODE § 17.45(4)*; Cameron v. Terrell & Garrett*, *Inc.* 618 S.W.2d 535, 539 (Tex. 1981).

Since the lending of money is not a good or service, a borrower whose sole objective is to get a loan does not become a consumer under the TDTPA. *See Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980)). Moreover, "[a]lthough one who borrows money to buy a house can be a consumer under the [TDTPA] because that person's objective is to buy a home, subsequent actions related to mortgage accounts – for example, extensions of further credit or modifications of the original loan – do not satisfy the 'goods and services' element of the [TDTPA]." *Swim v. Bank of Am., N.A.*, No. 3:11-cv-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012).

In their Response, Plaintiffs argue that they need not be consumers because they

are bringing their claim under Texas Finance Code § 392.404(a), which provides that a violation of the TDCPA is also a violation of the TDTPA. Plaintiffs concede that they can find no legal authority to support their position, but they argue that, because Section 392.404 was enacted in 1997, after the Texas Supreme Court held that borrowing money is not the same as acquisition of a good or service, *see La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984); *Riverside*, 603 S.W.2d at 174-75, the legislature intended to confer a TDTPA cause of action upon a borrower in an action where the lender violates the TDCPA, including a borrower who obtains a mortgage loan. *See* Dkt. No. 5-6.

The TDCPA is a "tie-in" statute to the TDTPA. *See Guajardo v. GC Servs., LP*, 498 F. App'x 379, 382 (5th Cir. 2012); *see also* TEX. FIN. CODE § 392.404(a) ("A violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17 [of the TDTPA] and is actionable under that subchapter); TEX. BUS. & COM. CODE § 17.50(h). "To succeed under such a tie-in claim, however, the claimant must show that he is a 'consumer' as defined in the [TDTPA]." *Garcia v. Jenkins/Babb LLP*, No. 3:11-cv-3171-N-BH, 2013 WL 6388443, at *10 (N.D. Tex. Dec. 5, 2013) (alterations and internal quotation marks omitted); *accord Cushman v. GC Servs., L.P.*, 397 F. App'x 24, 27-28 (5th Cir. 2010); *Taylor v. Ocwen Loan Servicing, LLC*, No. H-12-2929, 2013 WL 3353955, at *4-*5 (S.D. Tex. July 3, 2013); *Bray v. Cadle Co.*, Civil Action No. 4:09-CV-663, 2010 WL 4053794, at *9 (S.D. Tex. Oct. 14, 2010) (explaining that all Texas state and federal courts addressing the issue "seem to have concluded that 'the party bringing a claim under the [TDTPA] for a violation of a tie-in statute must still satisfy

the requirement of being a 'consumer' under the [TDTPA]") (collecting cases).

Plaintiffs do not allege that they are consumers, and their argument that they need not be consumers has been uniformly rejected. Therefore, the undersigned concludes that Plaintiffs have failed to state a claim for a violation of the TDTPA and recommends that, because Plaintiffs cannot plead any set of facts to show that they are consumers under the TDTPA, their claim for violations of TDTPA should be dismissed with prejudice.

IV. Plaintiffs have not pleaded a claim on which declaratory relief could be granted.

Plaintiffs seek declaratory judgment that (1) there has been no breach and they have been and remain in compliance with the deed of trust; (2) pleading in the alternative, any breach of the deed of trust is excused because it was caused by the Defendant's acts; (3) further pleading in the alternative, Defendant has waived performance by Plaintiffs under the deed of trust because it encouraged and instructed Plaintiffs not to perform their obligations under the deed of trust; and (4) the foreclosure be set aside. *See* Dkt. No. 1-3 at 6-7. Defendants respond that Plaintiffs claim for declaratory relief must be dismissed because it is a remedy, not an independent claim, and Plaintiffs have failed to state any underlying claims on which declaratory relief could be granted. *See* Dkt. No. 5 at 9-10.

Federal "district courts cannot award relief pursuant to the Texas Declaratory Judgment Act ('TDJA') because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Falk v. Wells Fargo Bank*, No. 3:09-cv-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (citing *Utica Lloyd's*

*v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1988) (internal quotation marks omitted). Because this action was removed from state court, "the action may be construed as one brought under the federal Declaratory Judgment Act." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012).

The federal Declaratory Judgment Act ("FDJA") allows a federal court to declare the rights and legal relations of an interested party. *See* 28 U.S.C. §§ 2201-2202; *Hurd*, 880 F. Supp. 2d at 769. The availability of a declaratory judgment, however, "presupposes the existence of a judicially remedial right." *Schilling v. Rogers,* 363 U.S. 666, 677 (1960). Like the TDJA, the FDJA is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Consequently, the FDJA provides no relief unless there is a justiciable controversy between the parties. *See id.* A plaintiff seeking declaratory relief must therefore allege a "substantial and continuing" controversy:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or continent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.
>
> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and internal quotation marks omitted).

Because the undersigned concludes that none of Plaintiffs' claims can withstand dismissal, Plaintiffs' requests for declaratory relief cannot survive. *See Collin Cnty. Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170–71 (5th Cir. 1990). For this reason, Plaintiffs have failed to state a claim upon which declaratory relief may be granted in their Original Petition, and Plaintiffs' request for declaratory judgment should be dismissed without prejudice.

**Recommendation**

Defendant's Motion to Dismiss [Dkt. No. 5] should be granted as follows:

- Plaintiffs' claims to quiet title and for trespass to title have been abandoned and should be dismissed on that basis.
- Plaintiffs' claim for a violation of the Texas Deceptive Trade Practices Act should be dismissed with prejudice.
- Plaintiffs' claims for breach of contract and violations of the Texas Debt Collection Practices Act and their request for declaratory relief should be dismissed without prejudice.

The Court should grant Plaintiffs 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that, if Plaintiffs fail to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE